IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY D. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case Number CIV-05-16-C |
| | ) |
| MARTY SIRMONS, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This action for habeas corpus relief brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Doyle W. Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Argo entered a Report and Recommendation on October 27, 2005, to which Respondent timely objected. The Court therefore considers the matter de novo.

The facts and relevant law are set out in full in the accurate and well-reasoned opinion of the Magistrate Judge. Therein, Judge Argo found that Petitioner had failed to file his request for habeas relief within the one-year time limit set forth in 28 U.S.C. § 2244(d)(1). Judge Argo also found no evidence warranted application of the doctrine of equitable tolling. Based on these findings, Judge Argo recommended dismissal of Petitioner's case as time barred. In his Objection, Petitioner raises a number of objections to the legal reasoning employed by the Magistrate Judge. In particular, Petitioner argues the running of the limitations period should be tolled while he sought nunc pro tunc relief in state court.

However, Petitioner fails to offer any basis to counter the thorough and well-reasoned analysis of Judge Argo on this issue. The Court is in agreement with Judge Argo that a request for an order nunc pro tunc is not an "application for state post-conviction relief recognized as such under governing state procedures." Habteselassie v. Novak, 209 F.3d 1208, 1211 (10th Cir. 2000) (quoting Bennett v. Artuz, 199 F.3d 116, 123 (2d Cir. 1999)). Thus, those filings could not toll the expiration of the limitations period. The Court is likewise unpersuaded by Petitioner's claim that his prescription medications prevented him from fully exercising his right to seek relief. Petitioner's actions in state court belie his claims of inability to understand the need to timely pursue federal claims. As for Petitioner's arguments that he is entitled to equitable tolling, Judge Argo accurately recounted the timeline of Petitioner's quest for relief. That analysis makes clear that Petitioner did not diligently pursue his federal habeas claims. Accordingly, the Court adopts Judge Argo's recommendation that Petitioner is not entitled to equitable tolling.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, denies this petition for habeas corpus relief. A judgment will enter accordingly.

IT IS SO ORDERED this 29th day of December, 2005.

_/s/ Robin J. Cauthron_
ROBIN J. CAUTHRON
United States District Judge